**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:21-CR-00003-JDK** |
| **v.** § | |
| § | |
| § | |
| § | |
| **TIFFANY BILLINGSLEY,** § | |
| § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 27, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Tiffany Billingsley. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute a Controlled Substance, a Class B felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months. The offense carried a maximum imprisonment term of 40 years. On November 30, 2015, District Judge Reed O'Connor of the Northern District of Texas sentenced Defendant to 72 months imprisonment followed by four years of supervised release, subject to the standard conditions of release, plus special conditions to include mental health treatment and substance abuse treatment. On September 13, 2019, Defendant completed her term of imprisonment and began her term of supervised release. On January 26, 2021, a transfer of jurisdiction occurred transferring her supervision to this district.

1

Under the terms of supervised release, Defendant was prohibited from use of controlled substances. In Allegation 4 of its petition, the government alleges Defendant violated the conditions of her supervised release when she tested positive for methamphetamine on December 8, 2020 and February 24, 2021. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by testing positive for methamphetamine, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 4 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 6 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and she be sentenced to a term of 6 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve her sentence at FCI Bryan, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of April, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE